

DA 08-0540

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 107N

IN THE MATTER OF:

L.R.H., R.L.H., and C.H.,

      Youths in Need of Care.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause Nos. DN 06-33A, DN 06-34A, and DN 06-35A
Honorable Holly Brown, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jim Wheelis, Chief Appellate Defender; Kelli S. Sather, Assistant Appellate Defender, Helena, Montana

      For Appellee:

          Hon. Steve Bullock, Montana Attorney General; John Paulson, Assistant Attorney General, Helena, Montana

          Anne Sheehy Yegen, Assistant Attorney General, Child Protection Unit, Billings, Montana

          Lucy Darty, Assistant Attorney General, Child Protection Unit, Missoula, Montana

                  Submitted on Briefs:  March 18, 2009

                             Decided:  March 31, 2009

Filed:

_____
                      Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 L.H. appeals from an order of the Eighteenth Judicial District Court, Gallatin County, terminating his parental rights. We affirm.

¶3 The Department of Public Health and Human Services (Department) filed petitions for emergency services and for temporary legal custody of L.H.'s four children, L.R.H., R.H., C.H., and C.A.H. The Department's petition followed its determination that L.H. had taken the children to casinos and had left them alone in his car for hours while he gambled. The Department further learned that L.H. had used duct tape to fasten C.A.H.'s arms to her body and to cover her mouth. The Department further determined that L.H.'s residency was unsanitary and unsafe for children. The Department finally learned that L.H. was in violation of a restraining order from California, and, as a result, was arrested and incarcerated. The Department placed C.A.H. in foster care. The remaining three children initially were placed in the care of their mother, then placed in foster care, but later returned to their mother's home.

¶4 L.H. stipulated that L.R.H., R.H., and C.H. were youths in need of care. L.H. also stipulated the Department had made reasonable efforts to make it possible for the

2

children to be reunited safely with their parents. The District Court issued an order adjudicating the children as youths in need of care and granted temporary legal custody of the children to the Department.

¶5 The court approved a treatment plan agreed to by the parties on April 24, 2007. The Department eventually filed a petition for permanent legal custody of the children and termination of L.H.'s parental rights on April 15, 2008. The Department twice previously had extended its temporary legal custody in order to provide L.H. additional time to complete the treatment plan. The District Court conducted a termination hearing on July 18, 2008. The court issued an order on October 2, 2008, terminating L.H.'s parental rights. L.H. appeals.

¶6 L.H. argues on appeal that the Department violated his due process rights and failed to make reasonable efforts to reunify him with his children. He contends that the treatment plan did not state clearly its requirements and he further claims that the Department failed to assist him adequately in completing the tasks. L.H. further contends that the State failed to present clear and convincing evidence that his condition rendering him unfit was unlikely to change within a reasonable time. As a result, he argues that the State failed to meet the statutory criteria for termination pursuant to § 41-3-609(1)(f), MCA. He also contends that the State failed to present evidence at the termination hearing regarding the children's physical, mental, and emotional conditions and needs as required by § 41-3-609(3), MCA.

¶7 The State concedes that L.H. initially attempted to cooperate with the Department in complying with the treatment plan. The State notes, however, that L.H. absconded in

3

November 2007 without notifying the Department, in violation of his release conditions. L.H. returned to Montana involuntarily following his arrest in Arkansas. The State cites the fact that L.H. failed to contact his children upon his involuntary return to Montana, that L.H. failed to maintain contact with his social worker, and that L.H. failed to pursue services to work toward reunification of the children.

¶8 We review a district court's decision to terminate a person's parental rights and to determine whether the court abused its discretion. *In re A.H.D.*, 2008 MT 57, ¶ 11, 341 Mont. 494, 178 P.3d 131. The District Court abuses its discretion if it acts arbitrarily, without employment of conscientious judgment, or exceeds the bounds of reason resulting in a substantial injustice. *A.H.D.*, ¶ 11. We review a district court's specific factual findings regarding the relevant statutory requirements of termination to determine whether the findings are clearly erroneous. *A.H.D.*, ¶ 12. We review for correctness a district court's conclusions of law. *A.H.D.*, ¶ 12. We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, that provide for memorandum opinions. It is manifest on the face of the briefs and record before us that substantial evidence supports the District Court's findings of fact and that the District Court's legal conclusions were correct.

¶9 We affirm.

/S/ BRIAN MORRIS

4

We Concur:


/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ JIM RICE